**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0842-19

THE BANK OF NEW YORK
MELLON f/k/a THE
BANK OF NEW YORK,
AS TRUSTEE FOR THE
CERTIFICATEHOLDERS
OF CWALT 2004-7T1,

     Plaintiff-Respondent,

v.

MICHAEL T. BROWN,
a/k/a MICHAEL BROWN,

     Defendant-Appellant

and

STACEY T. BROWN, a/k/a
STACEY BROWN, THE BANK
OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK
AS SUCCESSOR INDENTURE
TRUSTEE TO JPMORGAN
CHASE BANK, N.A., AS
INDENTURE TRUSTEE FOR
THE CWABS REVOLVING
HOME EQUITY LOAN TRUST,
SERIES 2004-I, HACKENSACK

UNIVERSITY MEDICAL,
MIDLAND FUNDING, LLC, NEW
CENTURY FINANCIAL SERVICES,
INC., DANIEL A. SANTARSIERO,
His Heirs, Devisees, And Personal
Representatives And His, Her, Their
Or Any Of Their Successors In Right,
Title, And Interest, PATRICIA
SANTARSIERO, and CINELLY
GROUP CORP.

      Defendants.

_____

      Submitted September 29, 2021 – Decided January 26, 2022

      Before Judges Whipple, Geiger and Susswein.

      On appeal from the Superior Court of New Jersey, Essex County, Chancery Division, Docket No. F-009687-18.

      Michael T. Brown, appellant pro se.

      Mattleman, Weinroth & Miller, attorneys for respondent (Robert W. Williams, on the brief).

PER CURIAM

      Defendant in this residential mortgage foreclosure action, Michael Brown, appeals from orders striking his answers to the amended foreclosure complaint and entering a final judgment in favor of plaintiff, Bank of New York Mellon (Bank). After carefully reviewing the record in light of the governing legal principles, we affirm.

2

A-0842-19

We presume the parties are familiar with the relevant facts and procedural history, which need only be briefly summarized in this opinion. The matter arises from a 2004 note and mortgage for $392,000 with a fixed interest rate. The note provided that if any monthly installment was not paid on the due date, the borrower "will be in default and the entire principal amount outstanding thereunder and accrued interest, fees, costs and advances would at once become due and payable at the option of the holder thereof." Defendant entered into a loan modification agreement in 2011 that adjusted the principal balance to $423,415.02, with $33,290.26 of the new principal balance to be deferred.

Defendant failed to make monthly payments starting with the installment that fell due on September 1, 2017 and continuing thereafter. The Bank exercised its right to declare the entire principal balance and all unpaid interest due immediately.

On May 7, 2018, the Bank filed a complaint seeking mortgage foreclosure. The Bank filed an amended complaint on August 3, 2018. Defendant filed an answer to the amended complaint on September 7, 2018. Defendant's answer "flatly denie[d] the allegations of the complaint and contain[ed] no challenge to the truth of the allegations leveled in [plaintiff's] complaint." He also raised seventeen affirmative defenses. Among those affirmative defenses, defendant

A-0842-19

contested plaintiff's standing and claimed that the Bank did not have evidence of defendant's September 2017 default. Defendant also invoked the doctrine of unclean hands, claiming that (1) "any document reflecting [p]laintiff as the holder of subject mortgage instruments is a forgery"; (2) the Bank concealed and destroyed evidence; (3) the Bank was "intentionally withholding the identity of the actual lender, and has altered and destroyed documents"; and (4) "[t]he material altered and destroyed documents are material evidence with the purpose to disrupt the litigation."

On October 8, 2018, the Bank served defendant with discovery demands including a request for admissions, production of documents, and interrogatories. Those requests sought information related to the affirmative defenses and claims that defendant asserted in his September 7, 2018 answer. Defendant did not respond to any of the Bank's discovery demands.

On January 14, 2019, the Bank filed a motion to strike defendant's answer. On February 15, 2019, the trial court granted the Bank's unopposed motion and rendered a six-page statement of reasons accompanying the order.

On April 16, 2019, the Bank filed a second amended complaint that included an additional averment relating to the loan modification. The first

4

amended complaint had failed to mention that modification. In all other respects the second amended complaint was identical to the first amended complaint.

Defendant filed an answer to the second amended complaint on May 6, 2019. On May 17, 2019, the Bank filed a motion to strike defendant's answer to the second amended complaint on the same grounds upon which defendant's initial answer had been stricken. On June 21, 2019, the trial court again granted the Bank's unopposed motion to strike defendant's answer and affirmative defenses. The six-page statement of reasons accompanying the court's June 21, 2019 order is substantially identical to the statement of reasons that had accompanied the court's February 15, 2019 order. The only addition was an explanation that "plaintiff's new averment is solely related to an omitted loan modification."

An uncontested final judgment of disclosure was entered in the Bank's favor on September 9, 2019. Defendant now appeals from that order, as well as the February 15, 2019 and June 21, 2019 orders striking defendant's answers to the first and second amended complaints.

Defendant raises the following contention for our consideration:

POINT I

THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION GRANTING PLAINTIFF'S MOTION

5

FOR SUMMARY JUDGMENT TO STRIKE DEFENDANT'S ANSWERS

We begin our analysis by acknowledging the legal principles governing this appeal. When reviewing a grant of summary judgment for foreclosure, we afford no special deference to the trial court. Inv. Bank v. Torres, 457 N.J. Super. 53, 56–57 (App. Div. 2018) (citation omitted). Rather, as is generally true, we review the trial court's grant or denial of the motion for summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citations omitted); Christian Mission John 3:16 v. Passaic City, 243 N.J. 175, 184 (2020) (citation omitted); Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citation omitted). In doing so, we apply the same standard as the motion judge and consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see Rozenblit v. Lyles, 245 N.J. 105, 121 (2021); Christian Mission, 243 N.J. at 184; Friedman v. Martinez, 242 N.J. 450, 472 (2020) (citing Glove Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)); Shields v. Ramslee Motors, 240 N.J. 479, 487 (2020)

6

(citations omitted). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2.

Even though allegations in the pleadings may purport to raise an issue of fact, if the other papers in the record show that no material issue is genuinely in dispute, summary judgment may be granted. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954). Importantly for the purposes of this appeal, "[b]are conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment." U.S. Pipe & Foundry Co. v. Am. Arb. Ass'n., 67 N.J. Super. 384, 399–400 (App. Div. 1961) (citation omitted). A party who offers no substantial or material facts in opposition to the motion cannot complain if the court takes as true the uncontradicted facts in the movant's papers. See Judson, 17 N.J. at 75; R. 4:46-5.

A plaintiff in a foreclosure action need only present three elements to establish a prima facie right to foreclose: "the execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37

A-0842-19

(App. Div. 1952). Accordingly, "'[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises.'" Inv. Bank, 457 N.J. Super. at 65 (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 545 (App. Div. 1994)).

If the defendant's answer in a foreclosure action does not challenge those essential elements, the plaintiff is entitled to strike defendant's answer as non-contesting. Somerset Trust Co. v. Sternberg, 238 N.J. 279, 283 (Ch. Div. 1989). Furthermore, pursuant to Rule 4:64-1(c)(2), an action to foreclose a mortgage shall be deemed uncontested if "none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it[.]"

Applying these foundational principles to the matter before us, we are satisfied that the trial court properly granted the Bank's motions to strike defendant's answers and the ensuing motion for summary judgment. Because we affirm for the reasons explained in the trial court's thorough statement of reasons, we need not re-address defendant's arguments at length. We add the following comments:

The record shows that the Bank established the existence and validity of the mortgage, that defendant's default commenced in September 2017 when he stopped making monthly installment payments, and that the Bank has the right to foreclose. The Bank submitted a certification from Kali Smith, the document coordinator for the loan servicer, Bayview Loan Servicing, LLC. As document coordinator, Smith is responsible for reviewing records and documents for execution for foreclosure actions on behalf of the Bank. All of the information in her January 9, 2019 certification aligned with the allegations presented in the Bank's second amended complaint.

Specifically, Smith certified that defendant's note was secured by executing a mortgage and that it was properly recorded. She certified that Bayview's books and business records "indicate that the subject loan has now been in default since [defendant] failed to make the payment that came due on September 1, 2017 and each and every payment thereafter." True copies of the relevant documents were attached to the certification, including the note, the mortgage, the assignment of the mortgage, and a loan history summary. Smith further certified that the Bank mailed the Notice of Intent (NOI) to seek foreclosure.

A-0842-19

Defendant's claim that the Bank lacks standing to bring the foreclosure action is not supported with any evidence. On the contrary, the uncontradicted evidence in the record establishes that the Bank has a right to pursue foreclosure. The general rule is that "'a party seeking to foreclose a mortgage must own or control the . . . debt'"—otherwise the foreclosure action and the complaint must be dismissed. See Wells Fargo Bank v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327–28 (Ch. Div. 2010)). In this instance, Smith's certification confirms that the Bank is in physical possession of the original note and mortgage and was in possession before the complaint was filed.

We also reject defendant's arguments concerning service of the NOI. Smith certified that the Bank "mailed a [NOI] dated January 16, 2018 to [defendant] at least thirty-one (31) days prior to the filing of the complaint in the within action." Defendant contends the Bank violated the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to 2A:50-80, by failing to deliver the NOI via registered or certified mail as specifically required in N.J.S.A. 2A:50-56(b). Defendant points to the fact that the Bank did not submit the United States Postal Service (USPS) tracking history to prove the NOI was sent by registered or certified mail.

10

As the trial court aptly noted, however, defendant does not dispute that he did in fact receive the NOI, which appears in his appendix. Furthermore, the NOI reproduced in defendant's appendix not only shows that the letter bears the notation "Via First Class Mail and Certified Mail/RRR," but also includes a photocopy of the certified mail bar code and tracking number on the envelope. Defendant cites no authority for the proposition that the FFA requires a lender seeking summary judgment to provide a copy of the return receipt or an abstract of the USPS tracking history. New Jersey courts "have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." SSI Med. Servs. Inc. v. State Dept. of Hum. Serv., Div. of Med. Assistance and Health Servs., 146 N.J. 614, 621 (1996). Applying this presumption in view of the certified mail tracking bar code that plainly appears in defendant's appendix, we are satisfied that the Bank mailed the NOI by certified or registered mail return receipt requested in accordance with the FFA.

We add, finally, that the trial court aptly characterized defendant's affirmative defenses as "raised in a conclusory manner with no evidentiary basis for their support. In effect, the answer is non-contesting." Because defendant responded to the complaint by flatly denying all the Bank's allegations,

11

presented a list of unsupported conclusory statements and allegations, and then ignored discovery requests for information and documents to support those bald assertions, the trial court properly struck defendant's answer. Defendant had ample opportunity to present evidence to support his responsive allegations but eschewed that opportunity by declining to address the Bank's discovery requests.

In sum, we agree with the trial court that there are no genuine issues of material fact in dispute. Great Falls Bank, 263 N.J. Super. at 394. All of the essential elements for foreclosure have been established. Inv. Bank, 457 N.J. Super. at 65. The trial court therefore properly granted the Bank's motion for summary judgment. To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0842-19